UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

NORTHSHORE PHARMACY
d/b/a THOMPSON'S SERV U PHARMACY,

    Plaintiff,

  v.

MIDWEST PHARMACEUTICAL SUPPLY,

    Defendant.

Case No.: 20CV979

DEMAND FOR JURY TRIAL

# COMPLAINT

Plaintiff Northshore Pharmacy d/b/a Thompson's Serv U Pharmacy ("Plaintiff") brings this complaint against Midwest Pharmaceutical Supply. ("Defendant") for violations of the Telephone Consumer Protection Act. In support, Plaintiff states as follows:

## INTRODUCTION

1. This case challenges Defendant's policy and practice of faxing unsolicited advertisements.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax without including a detailed notice that allows recipients to expeditiously opt out of receiving future solicitations.

3. Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and

sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4. The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5. Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and injunctive relief to preclude Defendant from committing future TCPA violations.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendant because it operates its business in Florida and is a Florida corporation.

7. This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

8. Venue in this district is proper because this is the district in which Defendant resides.

## PARTIES

9. Plaintiff, Northshore Pharmacy is a Wisconsin corporation located in Shorewood, Wisconsin.

10. Defendant Midwest Pharmaceutical Supply, provides supplies to pharmacies. Its principal place of business is in Hamilton, Ohio, and it is organized under the laws of Ohio.

## FACTS

11. On September 16, 2020, Defendant sent an unsolicited advertisement to Plaintiff's ink- and-paper facsimile machine. The fax advertises various medical supplies. A copy of this facsimile is attached hereto and marked as Exhibit A.

12. Exhibit A is exemplary of the junk faxes Defendant sends.

13. In the past six months alone, Defendant sent dozens of additional unsolicited faxes to Plaintiff's ink-and-paper facsimile machines. Upon information and belief, Plaintiff has received hundreds of additional fax advertisements from Defendant similar to Exhibit A.

14. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

15. Defendant did not and does not have prior existing business relationship with Plaintiff.

## CLAIM FOR RELIEF

**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

16. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

17. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

18. The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods,

or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

19. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

20. Plaintiff never consented to receiving Defendant's fax advertisements.

21. Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. See 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. See 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

22. Defendant faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

23. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; (b) that Defendant's faxes did not contain a compliant opt-out notice; and (c) that Exhibits A is an advertisement.

24. Defendant's actions caused actual damage to Plaintiff. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's fax machines. Defendant's faxes cost Plaintiff time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

25. In addition to statutory damages (and the trebling thereof), Plaintiff is entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) Declare Defendant's conduct to be unlawful under the TCPA;

b) Award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

c) Enjoin Defendant from additional violations;

d) Grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

Dated this 3rd day of December, 2020.

                              **HANSEN REYNOLDS LLC**

                              /s/ Michael C. Lueder
                                Michael C. Lueder, SBN: 0039450
                                mlueder@hansenreynolds.com
                                Hansen Reynolds LLC
                                301 N Broadway, Suite 400

Milwaukee, Wisconsin 53202
T: (414) 455-7676
F: (414) 273-8476

*Attorneys for Plaintiff*